IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CORY JUWAN BAKER                                                                   PETITIONER

v.                                                                                No. 1:11-cr-139-SA

USA                                                                                                 RESPONDENT

MEMORANDUM OPINION

This matter comes before the court on the motion of Cory Juwan Baker to vacate, set aside, or correct his sentence under 28 U.S.C.A. §2255. The government has responded to the motion, and the matter is ripe for resolution.

**Facts and Procedural Posture**

Baker was indicted for armed bank robbery in violation of 18 U.S.C.A. §2113(a) and (d) (Count I); brandishing a firearm in the furtherance of a violent crime in violation of 18 U.S.C.A. §924(c)(1) (Count II); and possession of a firearm by a convicted felon (Count III). ECF doc. 1. Baker pleaded guilty to Counts I and II. ECF doc. 27. As a result, Baker was sentenced to serve a term of 63 months on Count I and 84 months on Count II, to be served consecutively. ECF doc. 31. Further, Count III of the indictment was dismissed. *Id*.

On June 23, 2016, Baker filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 37. Baker asserts that, pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his conviction for aiding and abetting an armed bank robbery in Count I does not qualify as a crime of violence. As such, Baker argues that his sentence in Count II is improper. For the reasons discussed herein, Baker is not entitled to relief under 28 U.S.C.A. §2255.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. §2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under §2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. §2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

## The *Johnson* Decision

Baker asserts that under *Johnson, supra*, his conviction for aiding and abetting an armed bank robbery is not a crime of violence and, as such, his conviction and sentence in Count II is

invalid. In *Johnson, supra*, the Supreme Court considered the constitutionality of the "residual clause" of the Armed Career Criminal Act. The A.C.C.A. provides for the enhanced sentencing of a convicted felon who "has three previous convictions … for a violent felony or a serious drug offense, or both…." 18 U.S.C.A. §924(e)(1). The A.C.C.A. further defines a "violent felony" as a crime punishable by more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*…

18 U.S.C.A. §924(e)(2)(B)(emphasis added). The *Johnson* decision specifically addresses the "residual clause" of subsection (ii), which is italicized above. The Court found that, for the purposes of the A.C.C.A., "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557. As such, the *Johnson* Court ultimately held that the residual clause of the A.C.C.A. was unconstitutionally vague.[1] *Id*. at 2563.

### Baker's sentence

However, Baker was not sentenced pursuant to the residual clause of the A.C.C.A., 18 U.S.C.A. §924(e)(2)(B)(ii), which was the subject of the *Johnson* decision. On the contrary, in Count I, Baker pleaded guilty to armed bank robbery pursuant to 18 U.S.C.A. §2113(a) and (d). In Count II, Baker pleaded guilty to using, carrying, and brandishing a firearm in the commission of a crime of violence pursuant to 18 U.S.C.A. §924(c)(1).

### Baker's Sentence Under §924(c) is Valid

---

[1] The Court further noted that, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*.

As noted above, Baker pleaded guilty to Count II and was sentenced under 18 U.S.C.A. §924(c)(1). For the purposes of that statute, a crime is deemed a crime of violence if it is a felony and: (1) "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the force clause); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C.A. §924(c)(3).

The *Johnson* decision did not find the residual clause of 18 U.S.C.A. §924(c)(3) to be unconstitutionally vague. In fact, the Court was clear that its decision was specific to the residual clause of the A.C.C.A., 18 U.S.C.A. §924(e)(2)(B)(ii). The *Johnson* Court noted that the holding would not negate statutes containing similar language of "'substantial risk,' 'grave risk,' and 'unreasonable risk' and specifically held, "[a]s a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct…" *Id*. Moreover, the Fifth Circuit has held, "the definition of 'crime of violence' under §924(c)(3)(B) is not unconstitutionally vague." *U.S. v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017).[2] As such, Baker's assertion that §924(c) is unconstitutionally vague in light of the *Johnson* decision is without merit.

Regardless, the residual clause of §924(c) is not necessary to a determination of whether Baker's underlying crime of armed bank robbery is a crime of violence. Under §923(c)(3)(A), a

---

[2] While the Fifth Circuit's decision is controlling for this Court, it is notable that the Second, Sixth, and Eleventh Circuits have also reached similar holdings. *U.S. v. Hill,* 832 F.3d 135 (2nd Cir. 2016) (finding that §924(c)(3) is not void for vagueness) ; *U.S. v. Taylor*, 814 F.3d 340, 376-378 (6th Cir. 2016) (finding that §924(c)(3) is not void for vagueness); *U.S. v. Fox*, 650 Fed.Appx. 734, 738 (11th Cir. 2016) (unpublished opinion finding "it is not clear or obvious that Samuel Johnson invalidated §924(c)(3)(B)."). The Ninth Circuit has held to the contrary, finding that the residual clause of §924(c)(3) is invalid under *Johnson, supra. Dimaya v, Lynch,* 803 F.3d 1110 (9th Cir. 2015) (currently on *certiorari* review). Despite the split among the circuits, the Fifth Circuit has spoken definitively on this issue. Until such time as the Supreme Court rules otherwise, this is controlling precedent for this Court.

felony is a crime of violence if it "has an element the use, attempted use, or threatened use of physical force against the person or property of another." Baker pleaded guilty to aiding and abetting an armed bank robbery pursuant to 18 U.S.C.A. §2113(a) and (d), which states:

> (a) Whoever, ***by force and violence, or by intimidation***, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, ***assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device***, shall be fined under this title or imprisoned not more than twenty-five years, or both.

*Id*. (emphasis added). The elements of subsection (a) of this crime include the use of "force and violence or intimidation," which alone qualify as the "use, attempted use, or threatened use of physical force" required by the force clause of §924(c)(3)(A).[3] Moreover, Baker pleaded guilty to subsection (d) of this statute, which has as an element the assault of a person or the placing a person's life in jeopardy through the use of a dangerous weapon or device. Clearly, these elements also trigger the force clause of §924(c)(3)(A). For these reasons, Baker's conviction of

---

[3] Baker asserts that the use of the word "intimidation" in the statute negates the element of force. However, for the purposes of §924(c)(3) " the use, attempted use, or ***threatened*** use of physical force" is required. (Emphasis added). The use of intimidation necessarily implies the ***threatened*** use of physical force. S*ee U.S. v. Brewer,* 848 F.3d 711, 715 (5th Cir. 2017). As such, federal armed bank robbery qualifies as a crime of violence under §924(c)(3)(A).

5

armed bank robbery qualifies as a crime of violence for the purposes of §924(c)(3)(A) and his mandatory sentence under that provision was proper.

## Conclusion

As discussed above, Baker's claims lack merit, and the instant motion to vacate, set aside, or correct Cory Juwan Baker's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 27th day of April, 2018.

 /s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**