IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                    CRIMINAL CASE NO.: 1:11-CR-139-SA

CORY JUWAN BAKER                                                              DEFENDANT

ORDER

Now before the Court is Cory Juwan Baker's *pro se* Motion [42], wherein he requests early termination of his supervised release.

After being indicted on October 19, 2011, Baker eventually pled guilty to armed bank robbery and brandishing a firearm in furtherance of a crime of violence. His sentencing hearing was held on December 19, 2012, at which time the Court imposed a term of imprisonment of 147 months to be followed by 5 years on supervised release. *See* [31]. Baker's supervision commenced in June 2022 and is set to expire in June 2027.

In his present filing, Baker advises the Court that he has obtained a CDL and that he has employment opportunities as an over the road truck driver which would require that he frequently travel outside of the District. He also states that he has had no major violations while on supervision.

Under the applicable statute, "the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Administrative Office of United States Courts has provided certain criteria to be considered in determining

whether to grant early termination of supervised release, such as stable community reintegration, no history of violence, and no recent arrests, among others. Notably, the Fifth Circuit has held that the statute "confers broad discretion." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Utilizing its broad discretion, the Court finds that early termination is not warranted here. While Baker has not been revoked, the Court notes that during his supervision term he has twice tested positive for use of THC. He also violated the conditions of his supervision by traveling outside of the District without permission and for failing to notify his probation officer about a change in employment. Although some time has passed since each of those violations occurred, the Court does find them pertinent to this analysis. Furthermore, the Court notes that the offenses for which Baker was convicted are extremely serious, violent crimes. Continued supervision of Baker for the entirety of the previously imposed term of supervision is warranted.

While the Court does commend Baker for the lack of violations of supervision over the past two years, that alone does not justify early termination. The Motion [42] is DENIED.

SO ORDERED, this the 24th day of April, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE